UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY13 LLC,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>        Defendant. | Case No. 12-CV-2318-LAB (JMA)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**<br><br>**[Doc. No. 3]** |

Before the Court is an Ex Parte Application for Leave to Take Expedited Discovery filed by Plaintiff Ingenuity13 LLC. Doc. No. 3. For the reasons discussed below, Plaintiff's application is **GRANTED IN PART**.

**I.  PROCEDURAL HISTORY**

On September 24, 2012, Plaintiff filed a Complaint against Defendant John Doe ("Defendant"). Compl., Doc. No. 1. Plaintiff purports to be the registered owner of United States Copyright Registration Number PA0001791654 for the adult entertainment video entitled "Five Fan Favorites." Compl., ¶¶ 3, 19 & Ex. A. The Complaint alleges claims for copyright infringement, contributory infringement, and negligence. Plaintiff alleges that Defendant, using IP address 72.220.226.162, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's video, purposefully loaded that torrent file into his BitTorrent client, entered a

BitTorrent swarm particular to Plaintiff's video, and reproduced and distributed the video to numerous third parties. Id., ¶ 22. Plaintiff's investigators detected Defendant's alleged illegal download on August 20, 2012. Id., ¶ 23.

Plaintiff seeks leave of court to serve a Rule 45 subpoena on Defendant's internet service provider ("ISP"), Cox Communications, to discover Defendant's name, address, telephone number, e-mail address, and Media Access Control ("MAC") address. Appl., Proposed Order.

## II.  LEGAL STANDARDS

Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). Yet, "in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Courts grant these requests when the moving party shows good cause for the early discovery. Semitool, Inc. v. Tokyo Elec. Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gillespie, 629 F.2d at 642. A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion. Columbia Ins. Co., 185 F.R.D. at 578.

District courts apply a three-factor test when considering motions for early discovery to identify certain defendants. Id. at 578-80. First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." Id. at 578. Second, the movant must describe "all previous steps taken to locate the elusive

defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. Id. at 579. Third, the plaintiff should establish that its suit against the defendant could withstand a motion to dismiss. Id. "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that the plaintiff has standing," the plaintiff must show that some act giving rise to liability actually occurred and that the discovery is aimed at identifying the person who actually committed the act. Id. at 579-80.

### III. DISCUSSION

#### A. Identification of Missing Parties with Sufficient Specificity

First, Plaintiff must identify Defendant with enough specificity to enable the Court to determine that the defendant is a real person or entity who would be subject to the jurisdiction of this Court. Id. at 578. Some district courts in the Ninth Circuit have determined that a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP address assigned to an individual defendant on the day of the allegedly infringing conduct, and by using "geolocation technology" to trace the IP address to a physical point of origin. See Openmind Solutions, Inc. v. Does 1-39, No. C-11-33-11 MEJ, 2011 U.S. Dist. LEXIS 116552, at *5-6 (N.D. Cal. Oct. 7, 2011); Pink Lotus Entm't v. Does 1-46, No. C-11-02263 HRL, 2011 U.S. Dist. LEXIS 65614, at *6-7 (N.D. Cal. June 21, 2011). Others have found that merely identifying the IP addresses assigned to the defendants on the day of the purported infringement is sufficient to satisfy the first factor. See MCIP, LLC v. Does 1-149, No. C-11-02331 LB, 2011 U.S. Dist. LEXIS 85363, at *4-5 (N.D. Cal. Aug. 15, 2011); First Time Videos, LLC v. Does 1-37, No. C-11-01675 LB, 2011 U.S. Dist. LEXIS 42376, at *5 (N.D. Cal. April 14, 2011).

This Court, like other courts in this district, finds the former standard persuasive. See, e.g., 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash, No. 12-CV-0186 MMA (RBB), 2012 U.S. Dist. LEXIS 62980, at *10-11 (S.D. Cal. May 8, 2012). Here, Plaintiff's forensic investigator, Peter Hansmeier, a technician with 6881 Forensics, LLC ("6881"), used his company's proprietary software to obtain the IP

address of the computer used by Defendant, and conducted a search using publicly available reverse-lookup databases on the internet to identify the ISP used by Defendant's computer, the city (or county) and state in which the computer was located, and the date and time the IP address was obtained.  Hansmeier Decl. in Supp. of Appl., ¶¶ 20, 24; Compl., ¶ 6.  Using this information, Hansmeier determined the ISP that had provided the IP address associated with Defendant was Cox Communications, and the point of origin for the IP address was within the state of California.  Hansmeier Decl., ¶ 24; Compl., ¶ 6.  Consequently, Plaintiff has identified Defendant with sufficient specificity and has satisfied the first factor of the test for permitting early discovery.

### B. Previous Attempts to Locate Defendant

Next, Plaintiff must identify all previous steps taken to identify the Doe Defendant in a good faith effort to locate and serve them.  See Columbia Ins. Co., 185 F.R.D. at 579.  According to Hansmeier, "Without expedited discovery in this case against John Doe's ISP, Plaintiff will have no means of serving John Doe with the complaint and summons in this case . . . ." Hansmeier Decl., ¶ 28.  This is the case because although 6881's forensic software enables it to observe allegedly infringing activities, it does not allow access to an alleged infringer's computer to obtain identifying personal information, nor does it allow 6881 to upload a file onto the alleged infringer's computer or communicate with it in any way.  Id., ¶ 21.  Accordingly, Plaintiff appears to have investigated and obtained the data pertaining to the alleged infringement in a good faith effort to locate Defendant.  See Digital Sin, Inc. v. Does 1-5698, No. C-11-04397 LB, 2011 U.S. Dist. LEXIS 128033, at *5 (N.D. Cal. Nov. 4, 2011); Openmind Solutions, 2011 U.S. Dist. LEXIS 116552, at *7-8; Pink Lotus Entm't, 2011 U.S. Dist. LEXIS 65614, at *5; MCGIP, 2011 U.S. Dist. LEXIS 85363, at *5.

### C. Ability to Withstand a Motion to Dismiss

Lastly, to be entitled to early discovery, Plaintiff must demonstrate that the Complaint can withstand a motion to dismiss.  See Columbia Ins. Co., 185 F.R.D. at 579.

### 1. Ability to State a Claim Upon Which Relief Can Be Granted

Plaintiff alleges that it is the owner of the copyright for the work at issue, an adult entertainment video entitled "Five Fan Favorites," and that by using the BitTorrent protocol and process described, Defendant downloaded a torrent file particular to Plaintiff's video, loaded that file into his BitTorrent client, entered a BitTorrent swarm particular to Plaintiff's video, and reproduced and distributed the video to numerous third parties. Compl., ¶ 22. Plaintiff also alleges that Defendant failed to secure his internet access account, thereby allowing for its illegal use, and was thus complicit in the actions of any third party who used Defendant's internet connection to illegally copy and share Plaintiff's video. Id., ¶¶ 41-45. The Court finds Plaintiff has alleged a prima facie case of copyright infringement, contributory infringement, and negligence against Defendant.

### 2. Personal Jurisdiction

Plaintiff bears the burden of establishing jurisdictional facts. See Columbia Ins. Co., 185 F.R.D. at 578. Plaintiff alleges that Defendant either resides in or committed copyright infringement in the State of California, and that Plaintiff used geolocation technology to trace Defendant's IP address to a point of origin within the State of California. Compl., ¶ 6. Accordingly, Plaintiff has alleged sufficient facts to show it can likely withstand a motion to dismiss for lack of personal jurisdiction. See, e.g., Pink Lotus Entm't, 2011 U.S. Dist. LEXIS 65614, at *6-7.

### 3. Venue

Plaintiff alleges that venue in this District is proper as to Defendant under 28 U.S.C. §§ 1391(b) and 1400(a). Compl., ¶ 7. "The venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act." Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007). Civil actions for copyright infringement "may be instituted in the district in which defendant or his agent resides or may be found." 28 U.S.C.A. § 1400(1) (West 2006). An individual "resides" for venue purposes in the district of his domicile. 17 James Wm. Moore, et al., Moore's Federal

Practice, § 110.39[2], at 110-76 (3d ed. 2011). A defendant is "found" for venue purposes where he is subject to personal jurisdiction. Id. (footnote omitted); see also Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1126 (9th Cir. 2010) ("This circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction."). Plaintiff alleges venue is proper because although the true identity of Defendant is unknown, Defendant resides in this District, may be found in this District, or a substantial part of the infringing acts complained of occurred in this District. Compl., ¶ 7. Thus, venue appears to be proper.

Accordingly, Plaintiff's Complaint can likely survive a motion to dismiss.

**IV.     CONCLUSION**

For the reasons set forth above, it is hereby ordered that Plaintiff's Application is **GRANTED IN PART** as follows:

1.      Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 upon Cox Communications for the sole purpose of obtaining the *name and address only* of Defendant John Doe, based on the IP address listed for him in the complaint -- 72.220.226.162. Cox Communications shall have fourteen (14) calendar days after service of the subpoena upon it to notify its subscriber that his/her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure to Plaintiff by filing an appropriate pleading with this Court contesting the subpoena. If Cox Communications intends to move to quash the subpoena, it must do so prior to the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other customer challenge is brought, Cox Communications must preserve the information sought by Plaintiff pending resolution of the motion or challenge.

2.      The subpoena shall not seek Defendant's telephone number, email address, or Media Access Control (MAC) address, as this information is not necessary

for Plaintiff to identify and serve Defendant.

3. Plaintiff may use the information disclosed pursuant to the subpoena only in pursuing this litigation.

4. Plaintiff shall serve a copy of this order with any subpoena served upon Cox Communications pursuant to this Order.  Cox Communications, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

**IT IS SO ORDERED.**

DATED:  October 18, 2012

Jan M. Adler
U.S. Magistrate Judge